IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EXELIXIS, INC., | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
|     v. | ) C.A. No. _____ |
| | ) |
| SUN PHARMACEUTICAL INDUSTRIES | ) |
| LTD., and SUN PHARMACEUTICAL | ) |
| INDUSTRIES, INC., | ) |
| | ) |
|         Defendants. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

1.      This is an action for patent infringement under the patent laws of the United States, Title 35 U.S.C. §§ 100 et seq., as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, against Defendants Sun Pharmaceutical Industries Ltd. ("Sun Ltd."), and Sun Pharmaceutical Industries, Inc. ("Sun Inc."), (collectively, "Defendants" or "Sun").  This action arises out of Sun Ltd.'s submission of Abbreviated New Drug Application ("ANDA") No. 214385, to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of CABOMETYX® (the "Sun ANDA Product") prior to the expiration of U.S. Patent Nos. 8,877,776; 11,091,439; 11,091,440; and 11,098,015 (the "Asserted Patents").

## PARTIES

2.      Plaintiff Exelixis, Inc. ("Exelixis") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1851 Harbor Bay Parkway, Alameda, California 94502.  Exelixis is engaged in the business of creating, developing, and bringing to market new medicines for difficult-to-treat cancers.  Exelixis sells CABOMETYX® throughout the United States, including in Delaware.

3. Upon information and belief, Sun Ltd. is a corporation organized under the laws of India, with its principal place of business at Sun House, Plot No. 201 B/1, Western Express Highway, Goregaon (E), Mumbai – 400 063, Maharashtra, India. Upon information and belief, Sun Ltd., itself and through its wholly-owned subsidiaries and agents, including Sun Inc., manufactures, distributes and/or imports generic drugs for sale throughout the United States, including in Delaware.

4. Upon information and belief, Sun Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business at 2 Independence Way, Princeton, NJ 08540. Upon information and belief, Sun Inc. is a wholly-owned subsidiary of Sun Ltd., and Sun Inc. is controlled and/or dominated by Sun Ltd. Upon information and belief, Sun Inc. manufactures, distributes and/or imports generic drugs for sale and use throughout the United States, including in Delaware, at the direction, under the control, and for the direct benefit of Sun Ltd.

5. Upon information and belief, Sun Ltd. and Sun Inc. acted collaboratively in the preparation and submission of ANDA No. 214385.

6. Upon information and belief, following any FDA approval of ANDA No. 214385, Defendants, themselves and through their subsidiaries and agents, will make, use, offer to sell, and/or sell the Sun ANDA Product that is the subject of ANDA No. 214385, throughout the United States, including in Delaware, and/or import such generic products into the United States, including into Delaware.

## JURISDICTION AND VENUE

7. This case arises under the patent laws of the United States of America, 35 U.S.C. §§ 100 et. seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

9.      This Court has personal jurisdiction over Defendants because Defendants, among other things, have committed, aided, abetted, contributed, and/or participated in an act of patent infringement under 35 U.S.C. § 271(e)(2) and both intend to engage in a future course of conduct that includes acts of patent infringement under 35 U.S.C. § 271(a), (b) and/or (c), including in Delaware.  These acts have led and will lead to foreseeable harm and injury to Exelixis, a Delaware corporation, in Delaware.  For example, on information and belief, following approval of ANDA No. 214385, Defendants will make, use, import, sell, and/or offer for sale the Sun ANDA Product in the United States, including in Delaware, prior to the expiration of the Asserted Patents.

10.     The Court also has personal jurisdiction over Defendants because, among other things, this action arises from Defendants' actions directed toward Delaware, and because Defendants have purposefully availed themselves of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with Delaware, including through Sun Inc.

11.     This Court has personal jurisdiction over Sun Inc. by virtue of, among other things, the fact that it is organized and exists under the laws of the State of Delaware.

12.     Upon information and belief, Sun Inc. currently manufactures and distributes for sale hundreds of drug products throughout the United States, including in Delaware.

13.     Upon information and belief, Sun Ltd. directs the operations, management, and activities of Sun Inc. in the United States.

14.     Upon information and belief, Sun Ltd. and Sun Inc. collaborate in the manufacture, marketing, or sale of pharmaceutical products (including generic drug products manufactured and sold pursuant to approved ANDAs) throughout the United States, including in Delaware.

15. Sun Ltd. has previously availed itself of this forum by affirmatively filing claims and counterclaims in other actions pending before this Court, including *Veloxis Pharmaceuticals, Inc. v. Sun Pharmaceutical Industries Limited et al*, C.A. No. 24-726 (D. Del.); *Allergan Holdings Unlimited Company et al v. Sun Pharmaceutical Industries Limited*, C.A. No. 23-795 (D. Del.); *Vertex Pharmaceuticals Incorporated v. Sun Pharmaceutical Industries Limited*, C.A. No. 23-666 (D. Del.); *Novo Nordisk Inc. et al v. Sun Pharmaceutical Industries Ltd. et al*, C.A. No. 22-896 (D. Del.); *Boehringer Ingelheim Pharmaceuticals Inc. et al v. Sun Pharmaceutical Industries Limited et al*, C.A. No. 21-1573 (D. Del.); *Sun Pharmaceuticals Industries Ltd. et al v. Saptalis Pharmaceuticals, LLC*, C.A. No. 18-648 (D. Del.).

16. Sun Inc. has previously availed itself of this forum by filing counterclaims in other actions pending before this Court, including *Boehringer Ingelheim Pharmaceuticals Inc. et al v. Sun Pharmaceutical Industries Limited et al*, C.A. No. 21-1573 (D. Del.); *Galderma Laboratories, LP et al v. Sun Pharmaceutical Industries, Ltd*. et al, C.A. No. 18-1588 (D. Del.).

17. On information and belief, Sun Ltd.'s contacts with other states of the United States are no greater than its contacts with Delaware. Therefore, to the extent Sun Ltd. denies that this Court has personal jurisdiction over it because of its systematic and continuous contacts with Delaware, this Court has personal jurisdiction over Sun Ltd. pursuant to Federal Rule of Civil Procedure 4(k)(2)(A).

18. Venue is proper in this Court as to Sun Inc. under 28 U.S.C. § 1400(b) because, upon information and belief, it is incorporated under the state laws of Delaware and therefore resides in the District of Delaware.

19.     Venue is proper in this Court as to Sun Ltd. under 28 U.S.C. § 1391(c)(3), because, upon information and belief, it is not a resident of the United States and may thus be sued in any judicial district.

## BACKGROUND

20.     U.S. Patent No. 8,877,776 (the "'776 Patent") ("Exhibit A"), entitled "(L)-malate salt of N-(4-{[6,7-bis(methyloxy) quinolin-4-yl]oxy}phenyl)-N'-(4-fluorophenyl)cyclopropane-1,1-dicarboxamide," was duly and legally issued on November 4, 2014.  The '776 Patent will expire on October 8, 2030.  The claims of the '776 Patent are valid, enforceable, and not expired. All rights and interests in the '776 Patent are owned by and assigned to Exelixis.

21.     U.S. Patent No. 11,091,439 (the "'439 Patent") ("Exhibit B"), entitled "Malate salt of N-(4-{[6,7-bis(methyloxy) quinolin-4-yl]oxy}phenyl)-N'-(4-fluorophenyl)cyclopropane-1,1-dicarboxamide, and crystalline forms ther[e]of for the treatment of cancer" was duly and legally issued on August 17, 2021.  The '439 Patent will expire on January 15, 2030.  The claims of the '439 Patent are valid, enforceable, and not expired.  All rights and interests in the '439 Patent are owned by and assigned to Exelixis.

22.     U.S. Patent No. 11,091,440 (the "'440 Patent") ("Exhibit C"), entitled "Malate salt of N-(4-{[6,7-bis(methyloxy) quinolin-4-yl]oxy}phenyl)- N'-(4-fluorophenyl)cyclopropane-1,1 -dicarboxamide, and crystalline forms thereof for the treatment of cancer" was duly and legally issued on August 17, 2021.  The '440 Patent will expire on January 15, 2030.  The claims of the '440 Patent are valid, enforceable, and not expired.  All rights and interests in the '440 Patent are owned by and assigned to Exelixis.

23.     U.S. Patent No. 11,098,015 (the "'015 Patent") ("Exhibit D"), entitled "Malate salt of N-(4-{[6,7-bis(methyloxy) quinolin-4-yl]oxy}phenyl)-N'-(4-fluorophenyl)cyclopropane-1,1-

dicarboxamide, and crystalline forms thereof for the treatment of cancer" was duly and legally issued on August 24, 2021.  The '015 Patent will expire on January 15, 2030.  The claims of the '015 Patent are valid, enforceable, and not expired.  All rights and interests in the '015 Patent are owned by and assigned to Exelixis.

24.     CABOMETYX® (cabozantinib) is a tyrosine kinase inhibitor, for oral administration, approved by the FDA for the treatment of patients with advanced kidney cancer (renal cell carcinoma) as a monotherapy and in combination with nivolumab.  It is also approved to treat patients with liver cancer (hepatocellular carcinoma) who have been previously treated with the medicine sorafenib, and adult and pediatric patients 12 years of age and older with locally advanced or metastatic thyroid cancer (differentiated thyroid cancer) that has progressed following prior VEGFR-targeted therapy and who are radioactive iodine-refractory or ineligible.  Exelixis sells CABOMETYX® in the United States pursuant to New Drug Application No. 208692, which was approved by the FDA in 2016.

25.     The '776, '439, '440, and '015 Patents have been listed in connection with CABOMETYX® in the FDA's publication, Approved Drug Products with Therapeutic Equivalence Evaluations, referred to as the "Orange Book."

26.     By letter dated September 16, 2024, and received via FedEx on September 17, 2024 (the "Notice Letter"), Defendants notified Exelixis that Defendants had submitted ANDA No. 214385 to the FDA for Cabozantinib (S)-Malate Tablets, 20 mg, 40 mg, and 60 mg, a generic version of CABOMETYX®.

27.     By submitting ANDA No. 214385, Defendants have necessarily represented to the FDA that the Sun ANDA Product has the same active ingredient as CABOMETYX®, has the same dosage forms and strengths as CABOMETYX®, and is bioequivalent to CABOMETYX®.

28.    In Defendants' Notice Letter, Defendants stated that ANDA No. 214385 included a paragraph IV certification pursuant to 21 U.S.C. § 355(j) with respect to the '776, '439, '440, and '015 Patents and alleged that the '776, '439, '440, and '015 Patents are "invalid and/or would not be infringed by the commercial manufacture, use or sale" of the Sun ANDA Product.  The Notice Letter also informed Exelixis that Defendants seek approval to engage in the commercial manufacture, use, offer for sale, sale, or importation of the Sun ANDA Product before the '776, '439, '440, and '015 Patents expire.

29.    Upon information and belief, Defendants had knowledge of the '776, '439, '440, and '015 Patents at least as of the time Defendants submitted the paragraph IV certification in ANDA No. 214385.

30.    Upon information and belief, Defendants intend to engage in the manufacture, use, offer for sale, sale, and/or importation of the Sun ANDA Product immediately and imminently upon approval of ANDA No. 214385.

31.    This action is being commenced before the expiration of forty-five days from the date of Exelixis' receipt of the Notice Letter.

## CLAIMS FOR RELIEF

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,877,776

32.    Exelixis incorporates each of the preceding paragraphs 1-31 as if fully set forth herein.

33.    Defendants' submission of ANDA No. 214385 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Sun ANDA Product before the expiration of the '776 Patent constituted an act of infringement of at least claims 1, 2, 3, and 5 of the '776 Patent under 35 U.S.C. § 271(e)(2)(A).

34.     Defendants' commercial manufacture, use, offer for sale, sale and/or importation of the Sun ANDA Product and/or its active ingredient prior to expiration of the '776 Patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe the '776 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

35.     Upon FDA approval of ANDA No. 214385, Defendants will infringe the '776 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Sun ANDA Product and/or its active ingredient, and/or by actively inducing and contributing to infringement of the '776 Patent by others, under 35 U.S.C. § 271(a), (b), and/or (c), unless enjoined by the Court.  Such infringement is imminent because, among other things, Defendants have notified Exelixis of the submission of its ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Sun ANDA Product before the expiration of the '776 Patent.

36.     A substantial and justiciable controversy exists between the parties hereto as to the infringement of the '776 Patent.

37.     Pursuant to 28 U.S.C. § 2201, Exelixis is entitled to a declaratory judgment that Defendants' making, using, offering to sell, selling, and/or importing the Sun ANDA Product, inducement thereof or contribution thereto, will infringe the '776 Patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

38.     Upon information and belief, Defendants acted, and upon FDA approval of ANDA No. 214385, will act, without a reasonable basis for believing that it would not be liable for directly and/or indirectly infringing the '776 Patent.  This is an exceptional case.

39. Unless Defendants are enjoined from directly or indirectly infringing the '776 Patent, Exelixis will suffer irreparable injury. Exelixis has no adequate remedy at law.

**COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 11,091,439**

40. Exelixis incorporates each of the preceding paragraphs 1-39 as if fully set forth herein.

41. Defendants' submission of ANDA No. 214385 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Sun ANDA Product before the expiration of the '439 Patent constituted an act of infringement of at least claims 1, 3, and 4 of the '439 Patent under 35 U.S.C. § 271(e)(2)(A).

42. Defendants' commercial manufacture, use, offer for sale, sale and/or importation of the Sun ANDA Product and/or its active ingredient prior to expiration of the '439 Patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe the '439 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

43. Upon FDA approval of ANDA No. 214385, Defendants will infringe the '439 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Sun ANDA Product and/or its active ingredient, and/or by actively inducing and contributing to infringement of the '439 Patent by others, under 35 U.S.C. § 271(a), (b), and/or (c), unless enjoined by the Court. Such infringement is imminent because, among other things, Defendants have notified Exelixis of the submission of its ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Sun ANDA Product before the expiration of the '439 Patent.

44. A substantial and justiciable controversy exists between the parties hereto as to the infringement of the '439 Patent.

45.    Pursuant to 28 U.S.C. § 2201, Exelixis is entitled to a declaratory judgment that Defendants' making, using, offering to sell, selling, and/or importing the Sun ANDA Product, inducement thereof or contribution thereto, will infringe the '439 Patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

46.    Upon information and belief, Defendants acted, and upon FDA approval of ANDA No. 214385, will act, without a reasonable basis for believing that it would not be liable for directly and/or indirectly infringing the '439 Patent.  This is an exceptional case.

47.    Unless Defendants are enjoined from directly or indirectly infringing the '439 Patent, Exelixis will suffer irreparable injury.  Exelixis has no adequate remedy at law.

### COUNT 3: INFRINGEMENT OF U.S. PATENT NO. 11,091,440

48.    Exelixis incorporates each of the preceding paragraphs 1-47 as if fully set forth herein.

49.    Defendants' submission of ANDA No. 214385 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Sun ANDA Product before the expiration of the '440 Patent constituted an act of infringement of at least claims 1 and 3 of the '440 Patent under 35 U.S.C. § 271(e)(2)(A).

50.    Defendants' commercial manufacture, use, offer for sale, sale and/or importation of the Sun ANDA Product and/or its active ingredient prior to expiration of the '440 Patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe the '440 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

51.    Upon FDA approval of ANDA No. 214385, Defendants will infringe the '440 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Sun ANDA Product and/or its active ingredient, and/or by actively

inducing and contributing to infringement of the '440 Patent by others, under 35 U.S.C. § 271(a), (b), and/or (c), unless enjoined by the Court. Such infringement is imminent because, among other things, Defendants have notified Exelixis of the submission of its ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Sun ANDA Product before the expiration of the '440 Patent.

52.    A substantial and justiciable controversy exists between the parties hereto as to the infringement of the '440 Patent.

53.    Pursuant to 28 U.S.C. § 2201, Exelixis is entitled to a declaratory judgment that Defendants' making, using, offering to sell, selling, and/or importing the Sun ANDA Product, inducement thereof or contribution thereto, will infringe the '440 Patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

54.    Upon information and belief, Defendants acted, and upon FDA approval of ANDA No. 214385, will act, without a reasonable basis for believing that it would not be liable for directly and/or indirectly infringing the '440 Patent. This is an exceptional case.

55.    Unless Defendants are enjoined from directly or indirectly infringing the '440 Patent, Exelixis will suffer irreparable injury. Exelixis has no adequate remedy at law.

### COUNT 4: INFRINGEMENT OF U.S. PATENT NO. 11,098,015

56.    Exelixis incorporates each of the preceding paragraphs 1-55 as if fully set forth herein.

57.    Defendants' submission of ANDA No. 214385 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Sun ANDA Product before the expiration of the '015 Patent constituted an act of infringement of at least claims 1, 2, and 3 of the '015 Patent under 35 U.S.C. § 271(e)(2)(A).

58.     Defendants' commercial manufacture, use, offer for sale, sale and/or importation of the Sun ANDA Product and/or its active ingredient prior to expiration of the '015 Patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe the '015 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

59.     Upon FDA approval of ANDA No. 214385, Defendants will infringe the '015 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Sun ANDA Product and/or its active ingredient, and/or by actively inducing and contributing to infringement of the '015 Patent by others, under 35 U.S.C. § 271(a), (b), and/or (c), unless enjoined by the Court.  Such infringement is imminent because, among other things, Defendants have notified Exelixis of the submission of its ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Sun ANDA Product before the expiration of the '015 Patent.

60.     A substantial and justiciable controversy exists between the parties hereto as to the infringement of the '015 Patent.

61.     Pursuant to 28 U.S.C. § 2201, Exelixis is entitled to a declaratory judgment that Defendants' making, using, offering to sell, selling, and/or importing the Sun ANDA Product, inducement thereof or contribution thereto, will infringe the '015 Patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

62.     Upon information and belief, Defendants acted, and upon FDA approval of ANDA No. 214385, will act, without a reasonable basis for believing that it would not be liable for directly and/or indirectly infringing the '015 Patent.  This is an exceptional case.

63.    Unless Defendants are enjoined from directly or indirectly infringing the '015 Patent, Exelixis will suffer irreparable injury.  Exelixis has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Exelixis asks that this Court grant the following relief:

(a)    A judgment that the claims of the '776, '439, '440, and '015 Patents are not invalid, are not unenforceable, and were infringed by Defendants' submission of ANDA No. 214385 under 35 U.S.C. § 271(e)(2)(A), and that Defendants' manufacture, use, offer to sell, sale, or importation of the Sun ANDA Product, inducement thereof or contribution thereto, prior to the expiration of the '776, '439, '440, and '015 Patents, will infringe the '776, '439, '440, and '015 Patents, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c);

(b)    An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of ANDA No. 214385 shall not be earlier than the expiration of the '776, '439, '440, and '015 Patents, including any extensions and/or additional periods of exclusivity to which Exelixis is or becomes entitled;

(c)    A declaratory judgment that Defendants' manufacture, use, offer to sell, sale, or importation, including inducement thereof and contribution thereto, of the Sun ANDA Product and/or its active ingredient prior to the expiration of the '776, '439, '440, and '015 Patents, would infringe the '776, '439, '440, and '015 Patents, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c);

(d)    An Order permanently enjoining Defendants, and their affiliates, subsidiaries, and each of its officers, agents, servants and employees and those acting in privity or concert with Defendants, from making, using, offering to sell, selling, or importing the Sun ANDA Product and/or its active ingredient until after the '776, '439, '440, and '015 Patents' expiration, including any extensions and/or additional periods of exclusivity to which Exelixis is or becomes entitled;

(e)      Damages or other monetary relief, including costs, fees, pre-judgment interest and post-judgment interest to Exelixis if Defendants engage in commercial manufacture, use, offers to sell, sale, or importation into the United States of the Sun ANDA Product prior to the expiration of the '776, '439, '440, and '015 Patents, including any extensions and/or additional periods of exclusivity to which Exelixis is or becomes entitled; and

(f)      Such further and other relief as this Court deems proper and just.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Anthony D. Raucci*

_____

Megan E. Dellinger (#5739)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mdellinger@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Exelixis, Inc.*

OF COUNSEL:

William F. Lee
Lisa J. Pirozzolo
Emily R. Whelan
Kevin S. Prussia
Jonathan A. Cox
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Amy K. Wigmore
Gerard A. Salvatore
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC  20006
(202) 663-6000

Chris M. Cherry
WILMER CUTLER PICKERING
  HALE AND DORR LLP
17th Steet Plaza
1225 17th Street, Unit 2600
Denver, CO  80202
(720) 274-3135

14

Anna Mizzi
WILMER CUTLER PICKERING
  HALE AND DORR LLP
250 Greenwich Street, 45th Floor
New York, NY  10007
(212) 230-8800

October 30, 2024