**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

EXELIXIS, INC.,

Plaintiff,

v.

MSN LABORATORIES PRIVATE LIMITED, MSN PHARMACEUTICALS INC, AZURITY PHARMACEUTICALS INDIA LLP, AZURITY PHARMACEUTICALS, INC., and SLAYBACK PHARMA LLC,

Defendants.

Civil Action No. 24-1208-RGA

ORDER AFTER PRETRIAL CONFERENCE

Now, this 26th day of October, 2026, after a pretrial conference on October 22, 2026, and upon consideration of the proposed final pretrial order (D.I. 246) and the discussion at the pretrial conference, IT IS HEREBY ORDERED that:

1. The Proposed Final Pretrial Order (D.I. 246) is **ADOPTED**, as modified by any discussion at the pretrial conference.

2. A four-day bench trial will begin on Monday, November 2, 2026, at 9:30 a.m. The Court expects the testimony to conclude on Thursday, November 5, 2026. There will be closing argument on Friday morning at 10:00 a.m. It is likely each side will be limited to thirty minutes for closing argument.

3. The trial is timed. Each side (all Defendants being considered as one "side") is allowed **12** hours for its opening statement and its direct and cross-examination of witnesses. Plaintiff is permitted to use up to 5 hours and 45 minutes of its time for its infringement case.

Time during the trial day that does not neatly fit into one of those categories will be attributed to one side or the other as the Court thinks most appropriate.

4. Trial counsel are to be present and ready to proceed at 9:00 a.m. each and every day of trial. **COUNSEL SHOULD UNDERSTAND THAT THERE MAY BE LONG LINES (PARTICULARLY WHEN A JURY IS BEING SELECTED) TO ENTER THE COURTHOUSE AND SHOULD PLAN ACCORDINGLY.** In the unlikely event that there are any issues that need to be addressed before trial starts for the day, they will be taken up at 9:00 a.m. There will be up to one hour for lunch and a fifteen-minute break in both the morning and the afternoon.

5. The parties are directed to submit two physical sets of witness CVs by Thursday, October 29, 2026.

6. Azurity Defendants' MIL (D.I. 237) and Exelixis' MIL #1 (D.I. 242) are RESOLVED as stated at the pretrial conference. That is, the issue is the persuasiveness of the testing that Exelixis performed, not whether it could have tested with ASD or whether testing with ASD would have been better. MSN Defendants' MIL #3 (D.I. 241) and Exelixis' MIL #2 (D.I. 244) were argued at the pretrial conference without a final decision, but the parties subsequently resolved the disputes at issue by agreement (D.I. 259) and the two MILs are therefore DISMISSED as moot. Defendants' MIL #1 (D.I. 238) is GRANTED for the reasons stated at the pretrial conference. Defendants' MIL #2 (D.I. 240) was argued at the pretrial conference, and Exelixis subsequently submitted a letter (D.I. 256) clarifying one point that had been unclear. I conclude that evidence of what Defendants did in 2018 and in 2024 while operating under FDA guidelines (the M7 guidance) that at earliest were effective in 2014 is irrelevant to what the draft guidelines as of 2011 (the 2008 GTI guidelines) would have

motivated a POSA to do. In particular, there is no expert testimony explaining the differences between the two guidelines. What a company did under one set of guidelines years after the relevant date is irrelevant to proving what a POSA would have done under a different set of guidelines at the relevant date when the differences between the two sets are unexplained. Therefore, I GRANT Defendants' MIL #2 (D.I. 240). I further note that even if there were some relevance, I would exclude the testimony pursuant to Rule 403 as having minimal probative value that is substantially outweighed by the waste of time that would be involved.

7. Any trial logistics should be coordinated through the Courtroom Deputy.

_/s/ Richard G. Andrews___
United States District Judge